IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

AUSTIN EDWARD LIGHTFEATHER,

　　　　　　　　Plaintiff,

　　vs.

RICHARD G. KOPF, United States District
Court Judge;

　　　　　　　　Defendant.

**8:22CV284**

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Austin E. Lightfeather's response, Filing No. 6, to the Court's August 29, 2022 Memorandum and Order (the "Order to Show Cause") requiring Lightfeather to show cause why he is entitled to proceed in forma pauperis ("IFP") in this action.  *See* Filing No. 5.  The Court has previously determined that three or more federal court cases brought by Plaintiff, while a prisoner, were dismissed as frivolous or for failure to state a claim upon which relief may be granted.  *See, e.g.*, *Lightfeather v. McSwine*, No. 8:22-cv-00238-JFB-PRSE (D. Neb.) (Filing No. 11, finding Plaintiff has "three strikes" and dismissing complaint pursuant to 28 U.S.C. §1915(g)).  Previous cases brought by Plaintiff that were dismissed include: *Lightfeather v. Prey et al*, No. 8:21-cv-00211-RGK-PRSE (D. Neb.) (Filing Nos. 15 & 16, finding Plaintiff's complaint failed to state a claim for relief and dismissing case on April 8, 2022, after Plaintiff failed to amend complaint); *Lightfeather v. Green et al*, No. 8:21-cv-00208-RGK-PRSE (D. Neb.) (Filing Nos. 12 & 14, finding Plaintiff's complaint failed to state a claim for relief and dismissing case on October 12, 2021, after Plaintiff failed to amend complaint); *Lightfeather v. Ricketts et al*, No. 8:21-cv-00165-RGK-PRSE (D. Neb.) (Filing Nos. 12 & 14, finding Plaintiff's complaint failed to state a claim for relief

and dismissing case on October 7, 2021, after Plaintiff failed to amend complaint); *Lightfeather v. City of Lincoln*, No. 4:20-cv-03118-RGK-PRSE (D. Neb.) (Filing Nos. 112 & 113, May 24, 2021 Memorandum and Order and Judgment dismissing Plaintiff's second amended complaint for failure to state a claim and for being frivolous); *Lightfeather v. Beatrice Sun Times, et al*, No. 8:21-cv-00114-RGK-PRSE (D. Neb.) (Filing Nos. 14 & 15, May 19, 2021 Memorandum and Order and Judgment dismissing Plaintiff's complaint as frivolous).

The Prison Litigation Reform Act ("PLRA") prevents a prisoner with "three strikes" from proceeding IFP unless the prisoner is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).  "[T]he requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed . . . . [and] the exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct."  *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

Lightfeather filed a response to the Court's Order to Show Cause on September 14, 2022.  Filing No. 6.  Lightfeather makes no allegations that he is under imminent danger of serious physical injury.  Rather, Lightfeather seems to dispute the Court's determination that he has accumulated three strikes.  Lightfeather states he "filed claims within the (2) yr. window statute of limitation against 'state actors'" and challenges "the three strikes based on how previous cases were dismissed."  *Id.* at 1–2.  Lightfeather's vague, conclusory statements fail to demonstrate that the Court should not consider any of the cases identified above as "strikes."

The Court has also considered Lightfeather's Complaint in which he sues United States District Court Judge Richard G. Kopf who presided over Lightfeather's previous pro se cases filed between 2020 and early 2022.  Filing No. 1.  Lightfeather alleges Judge Kopf did not allow his civil cases to move forward despite Lightfeather presenting sufficient evidence to do so.  Specifically, it appears Lightfeather disputes Judge Kopf's dismissal of *Lightfeather v. City of Lincoln*, No. 4:20-cv-03118-RGK-PRSE (D. Neb.), and *Lightfeather v. Woods*, No. 8:21-cv-00115-RGK-PRSE (D. Neb.).  *Id.* at 1, 4–5.  Lightfeather also alleges that "a Robert Hillard and Orion Ross filed a case using [his] name against 2 nations, 'The Nation of Israeli' . . . and 'Choctaw Nation'" and that case should not be counted as a strike against Lightfeather since he did not file it.  *Id.* at 1.

Again, Lightfeather's allegations fail to show that he has not accumulated three strikes within the meaning of 28 U.S.C. § 1915(g).  First, his case of *Lightfeather v. Woods*, No. 8:21-cv-00115-RGK-PRSE has not been dismissed and is still pending in this Court.  Second, the case that Lightfeather alleges he did not file, which the Court believes to be *Lightfeather v. Choctaw Nation et al.*, No. 8:21-cv-00139-RGK-PRSE (D. Neb.), is not a case that the Court has identified as a strike.

Upon careful consideration of the response to the Order to Show Cause and the Complaint, the Court finds that Lightfeather's allegations do not support a finding that Lightfeather faces an imminent danger of serious physical injury.  Lightfeather, therefore, is prohibited from proceeding IFP pursuant to 28 U.S.C. § 1915(g).  Because Lightfeather has not paid the $402.00 filing and administrative fees and for lack of good cause shown, this matter is dismissed without prejudice.

IT IS THEREFORE ORDERED that:

1.     Lightfeather's Motion for Leave to Proceed in Forma Pauperis, Filing No. 4, is denied.

2.     This case is dismissed without prejudice and a separate judgment will be entered in accordance with this Memorandum and Order.

3.     Any notice of appeal filed by Lightfeather must be accompanied by the $505.00 appellate filing fee because Lightfeather will not be allowed to proceed in forma pauperis on appeal.

4.     The Clerk of Court is directed to send a copy of this Memorandum and Order and the accompanying Judgment to Lightfeather at the Nebraska Department of Corrections – Lincoln, P.O Box 22800, Lincoln, NE 68542-2800, and update his address in this case accordingly.[1]


Dated this 31st day of October, 2022.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

_____

[1] Lightfeather has recently filed another case in which he indicates he has been placed at the Nebraska Department of Correctional Services' Diagnostic and Evaluation Center, though he remains a pretrial detainee in the custody of Lancaster County.  See Filing No. 1 at 3, 8, Case No. 8:22CV360.